**UNITED STATES DISTRICT COURT        EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| FERNANDO ANCHONDO, § | |
| § | |
| Petitioner, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:05-CV-544 |
| § | |
| D. LORIMIER, § | |
| § | |
| Respondent. § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Fernando Anchondo, an inmate at the Stiles Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Petitioner's objections are without merit.

Petitioner's claim that prison officials failed to follow prison rules and the manufacturer's recommendations concerning the administration of a marijuana test resulting in his disciplinary conviction does not rise to the level of a constitutional violation. Failure to follow prison policies, procedures or regulations does not constitute a violation of due process. *Stanley v. Foster*, 464

F.3d 565, 569 (5th Cir. 2006); *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989). Further, because petitioner is not eligible for mandatory supervision, due process concerns were not implicated. Accordingly, petitioner's petition for writ of habeas corpus should be denied.

Furthermore, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed

to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

## ORDER

Accordingly, Petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 30th day of June, 2007.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE